STANSBERRY LUMBER COMPANY, APPELLANT, V. SCHOOL DISTRICT OF CITY OF McCOOK ET AL., APPELLEES.

FILED JUNE 16, 1913. No. 17,281.

Assignments: PRIORITY. Where a portion of a fund in the hands of a school district due to a building contractor was assigned by the contractor to one who had furnished material for the building, and the school board was immediately notified of the assignment, the facts that the signed order was not left with the school board, but an unsigned copy thereof, until several months afterward, when, the original assignment being lost, a new assignment was executed and filed, and that in the meantime another assignment of the same fund was made to another creditor and filed with the board, did not affect the rights of the first assignee.

APPEAL from the district court for Red Willow county: ROBERT C. ORR, JUDGE. *Affirmed.*

*Cordeal & McCarl,* for appellant.

*Lambe & Butler,* contra.

LETTON, J.

One Liberty, a building contractor, built a schoolhouse for the city of McCook under contract. Among those who furnished material for the building were the assignors of the plaintiff and defendant McCook Brick Company. At the time this action was begun there was $1,013.70 in the school district treasury to the credit of Liberty. The plaintiff claimed this amount by reason of an assignment dated October 23, 1907, made by Liberty, and of which notice was given to the school district next day. The defendant claimed $779 out of the fund by virtue of an assignment from Liberty alleged to have been made on July 30, 1907, and of which notice was immediately given to the school district. The right of the plaintiff to the fund is clear, unless there had been a prior assignment of the same to defendant. From a decree holding that defendant had the prior right to the fund, plaintiff appeals.

The facts are a little peculiar. Mr. McAdams, the secretary of the McCook Brick Company, testified that on July 30, 1907, he procured from his attorney an original and one copy of a form of assignment; that Liberty signed and delivered to him the original order; that there was to be a meeting of the school board that evening or next morning, which Liberty was to attend, but at which McAdams could not be present; that after the order was signed he handed it back to Liberty, and asked him to give it to the board; that a few days after the meeting he spoke to Mr. Barnes, secretary of the school board, who told him the order had been handed to him by Mr. Barnett, a member of the school board, and had been presented, but no action taken on it, and that later Barnett gave him the same information. The record of the proceedings of the school board was introduced, which shows, under date of July 30, 1907: "Order of McCook Brick Company brought up and discussed, but laid over till a future meeting of a full board." About two months afterwards Barnes told him that the order was missing, and he procured a new one on November 20, 1907, which he filed with the board. About a week before the trial Barnes told him for the first time that the first order was in blank, and was not signed by Liberty. After proving a search, the witness testified to the contents of the first order or assignment, which was in the usual form. Mr. Barnes testified that he was handed a typewritten order, such as Mr. McAdams describes, by Mr. Barnett at the meeting July 30, 1907, but that the order was in blank, never having been signed; that a long time afterward he gave this blank to Mr. Wolfe. He also says that Liberty was present at the meeting on July 30, and he is unable to say that Liberty did not mention the fact that he had given the order. He also admits that it was only a few days before he received the order of November 20 that he told Mr. McAdams that the school board had no signed order in its possession. Mr. Barnett contradicts both Barnes and McAdams, and denies ever seeing or handling a paper of this kind. The evidence of Liberty

is not in the record, the trial court refusing to allow an adjournment to procure his testimony, due diligence not having been shown.

Plaintiff's first contention is that, since McAdams by returning the order to Liberty made him the agent of the brick company to deliver the same to the school board, if Liberty destroyed the order and did not present it, there was then no order in existence, and the brick company acquired no rights superior to those of a subsequent assignee. When Liberty signed and delivered the order to Mr. McAdams, he thereby conveyed all his interest in the fund to the brick company. It could not lose the right thereby acquired, unless by some subsequent act of omission or commission on its part. Even though the order itself were destroyed by Liberty and only a carbon copy of the same delivered to the school board without signature, the fact that the board had notice and knowledge of the existence of the assignment before it changed its position by paying out any money upon the order, and before being notified of the existence of another and subsequent assignment, rendered its liability complete, and the assignee might, under section 30 of the code, have maintained an action against it in its own name to recover the fund.

Plaintiff also contends there is no evidence that the assignment executed in July was brought to the notice of the school board. Mr. Barnes testifies that the entry in the record of its proceedings referred to the blank order which had been handed to him by Barnett; but the evidence is positive that, not only Barnes, but other members of the school board, knew that McAdams claimed to have an order signed by Liberty for this fund. Whether the paper which was left with the board was the signed order or merely a copy of it is not so very material when it is considered that there is nothing to contradict the testimony that the order was actually signed, and that the board had knowledge of the claimed assignment and retained the fund in its possession.

Under the facts in the case, we find it unnecessary to discuss the legal question as to whether a subsequent assignee, by giving the first notice of assignment to the holder of the fund, can thereby gain priority over a prior assignee. The evidence is sufficient to sustain the district court in holding that the brick company had the first assignment and the plaintiff the second in point of time.

The judgment of the district court is

AFFIRMED.

BARNES, FAWCETT and HAMER, JJ., not sitting.